**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ANDRE LEVESQUE,

                Plaintiff,

    v.                                              No. 14-CV-298
                                                     (GLS/CFH)

WILLIAM DOMINY,

                Defendant.

---

**APPEARANCES:**                            **OF COUNSEL:**

ANDRE LEVESQUE
Plaintiff, Pro Se
35A Smithfield Boulevard
Apt. Bulv149
Plattsburgh, New York 12901

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Andre Levesque ("Levesque"). Compl. (Dkt. No. 1). Levesque has also filed a motion to proceed in forma pauperis (IFP). Dkt. No. 2.

## II. DISCUSSION

### A. In Forma Pauperis Application

Turning first to Levesque's IFP application, after reviewing the application the Court finds that Levesque may property proceed with this matter IFP.

## B. Plaintiff's Complaint[1]

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Additional pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

---

[1] To the extent that Levesque has included a request seeking clarification of prior Court orders in a different case of his which was previously filed with the Court, Levesque is instructed to make such filings in that case as the undersigned is unaware of the issues presented in the course of that litigation and will not be commenting on, or making decisions concerning, the substantive or procedural posture of another case filed in this District to which he is not assigned. See Compl. at 3.

>       (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

A complaint which fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).   However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords

the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

In a one-page, two paragraph letter, Levesque contends that he is "in transition and trying to move into a home [he] purchased that has been deemed unsafe." Compl. at 1. Levesque fails to provide any further specifics and it is impossible for this Court to decipher under what basis Levesque is attempting to bring suit[2], how the named defendant was involved, how Levesque was harmed, or what relief is being sought. The complaint is far from clear or complete and, for the complaint to move forward, it is necessary for further factual information to be provided regarding this particular claim, its basis in law, and the remedies requested. Levesque has currently failed to file a complaint which complies with the basic pleading formats, from organizing the complaint into separate, individually numbered paragraphs which allege single factual instances to including sufficient claims to decipher what the complaint was about, who was involved, what damages or relief Levesque contends he suffered, and what is the basis for the Court's jurisdiction.

As such, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, in light of Levesque's pro se status, this Court recommends that prior to dismissing this action, Levesque be directed to amend his complaint to provide clearer details regarding his claims. Specifically, Levesque is directed to draft a complaint which satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009), requiring

---

[2] On the Civil Cover Sheet, Levesque indicates that the Court's jurisdiction is pursuant to a Federal Question. See Dkt. No. 1-1. However, it is entirely unclear under which statute he is attempting to sue. Moreover, Levesque also seems to indicate that both parties are citizens of the same state, which would ruin complete diversity if Levesque is attempting to utilize that as a basis for jurisdiction. Id. In short, without more information it is impossible for the Court to glean the basis of the present suit.

plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citations omitted). Levesque will have to allege specific facts sufficient to plausibly state that the named defendant deprived him of constitutional or statutorily protected rights.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Levesque's complaint is **DISMISSED** for failure to comply with the pleading standards and state a claim; and it is further

**RECOMMENDED** that alternatively, in light of his pro se status, prior to dismissing Levesque's complaint in its entirety, he be provided an opportunity to amend his complaint to expand upon the facts that would support his claim for entitlement to relief; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d

85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 21, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge