**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ANDRE LEVESQUE,

                Plaintiff,

    v.                                          No. 14-CV-298
                                                 (GLS/CFH)
WILLIAM DOMINY,

                Defendant.

---

**APPEARANCES:**                             **OF COUNSEL:**

ANDRE LEVESQUE
Plaintiff, Pro Se
09857-082

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION and ORDER**

On March 17, 2014, Levesque filed his complaint and a motion to proceed in forma pauperis ("IFP") with the Court. Compl. (Dkt. No. 1), Mot. for IFP (Dkt. No. 2). In a Report-Recommendation and Order dated March 21, 2014, the undersigned granted Levesque's motion to proceed IFP. Dkt. No. 3 at 1. However, the Court recommended dismissing Levesque's complaint because it failed to comply with the basic pleading requirements outlined by the Federal Rules. Id. at 2-5. However, in light of Levesque's pro se status, the undersigned recommended that Levesque be permitted to file an amended complaint "to expand upon the facts that would support his claim for entitlement to relief." Id. at 5.

In an Order filed on April 24, 2014, the Court adopted the recommendation to the extent that Levesque was granted thirty days to amend his complaint to comply with the basic

pleading requirements. Dkt. No. 4. After requesting and receiving an extension of time, Levesque filed his amended complaint on May 29, 2014. Dkt. Nos. 8 & 9 (duplicate copy of filing).

After reading Levesque's amended complaint, it is clear that Levesque has failed to cure any of the deficiencies previously identified in his complaint. Levesque complains of actions which occurred in 2009 regarding the underlying reasons for his incarceration and various events which happened while he was an inmate. Am. Comp. (Dkt. No. 8) at 1-2. Levesque states that the named defendant "helped . . . destroy evidence and cover up abuses," though Levesque fails to detail when and what specifically occurred. Id. at 3. Levesque also states a multitude of conclusory allegations regarding discrimination, threats, abuse, slander, treason, and conspiracy without providing any facts about when, where, or how these events occurred or were related. Id. at 3-6. Lastly, Levesque includes nonsensical and disturbing allegations about suicidal thoughts and killing the children of various individuals referenced in his complaint. Id. at 7.

Accordingly, for the reasons previously stated in the March 23, 2013 Report-Recommendation and Order, it is recommended that Levesque's complaint be dismissed. See Tafari v. McCarthy, 714 F. Supp. 2d 317, 339 (N.D.N.Y. 2010) (explaining that even where the plaintiff is pro se "an opportunity to amend is not required where the plaintiff has already amended the complaint [or] . . . where the problem with the plaintiff's causes of action is substantive such that better pleading will not cure it.") (internal punctuation marks and quotations omitted). Further, to the extent that one can liberally construe allegations against the named defendant, it appears that such actions occurred in or around June 2009. Am. Compl. at 3. The Second Circuit has made clear that the applicable statute of

-2-

limitations for a § 1983 claim in New York is three years. See e.g. Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995) (citations omitted). Accordingly, Levesque had until June of 2012 to file a complaint regarding any alleged constitutional deprivations which occurred in June of 2009. Because the instant complaint was filed in 2014, almost two years later, the submission is untimely and barred by the statute of limitations. Thus, an additional opportunity for amendment is futile and unnecessary. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

**WHEREFORE**, it is hereby

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Levesque's complaint is **DISMISSED** for failure to state a claim. The Clerk shall forward this Report-Recommendation and Order, along with any objections, along with the prior Report-Recommendation and Order (Dkt. No. 3) to the District Judge for review; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules; and it is further

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993);

Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 4, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge