UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDRE LEVESQUE,

      Plaintiff,      8:14-cv-298
               (GLS/CFH)
    v.

CLINTON COUNTY NY et al.,

      Defendants.
_____

APPEARANCES:      OF COUNSEL:

**FOR THE PLAINTIFF:**
Andre Levesque
Pro Se
09857-082
MCFP Springfield
Federal Medical Center
Inmate Mail/Parcels
P.O. Box 4000
Springfield, MO 65801

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Andre Levesque commenced this action against

defendants Clinton County NY, John and Jane Does, Clinton County

Correctional Facility, Sgt Dominy, and Sgt Gravelle,[1] presumably pursuant to 42 U.S.C. § 1983,[2] alleging no discernable claims, but complaining generally of "conspiracy," "abuses," "slander," "torture," and "something sinister." (*See generally* Am. Compl., Dkt. Nos. 8, 9.) He seeks relief in the form of medical marijuana and one-hundred million dollars, "preferably in Euros." (*Id.* at 8.)

In a Report-Recommendation and Order (R&R) issued on August 4, 2014, Magistrate Judge Christian F. Hummel, upon an initial review of Levesque's amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, recommended that Levesque's amended complaint be dismissed without leave to amend. (Dkt. No. 11.) Pending are Levesque's objections to the R&R.[3] (Dkt. No. 12.) For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background

### A. Facts

---

[1] The Clerk is directed to amend the caption to reflect that the aforementioned defendants are parties to this action.

[2] In his amended complaint, Levesque states that he "do[es] not know what statute to file under." (Am. Compl. at 1, Dkt. Nos. 8, 9.)

[3] The court notes that Levesque has also filed a motion to appoint counsel. (Dkt. No. 14.) This motion is denied.

2

Levesque is an inmate, and, it seems, during the time relevant to his claims, was incarcerated at Clinton Correctional Facility. (*See generally* Am. Compl.) What is known about the factual underpinnings of Levesque's claims essentially ends there. Further, from what the court can glean from Levesque's amended complaint, many of the actions about which he complains occurred in 2009, including being held in isolation without a disciplinary report and being "slandered." (*Id.* at 3.) The rest of his amended complaint includes a hodgepodge of events which Levesque describes only in the most conclusory ways, without providing any factual context. For example, Levesque claims that "Sgt Gravelle led an ass[a]ult and Sgt Dominy helped him destroy evidence and cover up [a]buses," and that "[i]n January of 2013 [he] was returned to [Clinton] . . . by [H]omeland Security with internal injur[ie]s [that he] sustained during torture and [was] left for dead." (*Id.* at 3-5.)

**B.  Procedural History**

Levesque filed a complaint on March 17, 2014, along with a motion for leave to proceed *in forma pauperis* (IFP). (*See generally* Compl., Dkt. No. 1; Dkt. No. 2.) In a prior R&R, filed on March 21, 2014, Judge Hummel granted Levesque's IFP application, but, after an initial review of

3

Levesque's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, recommended that Levesque's complaint be dismissed with leave to amend. (Dkt. No. 3.) In so recommending, Judge Hummel noted that, given Levesque's utter failure to comply with basic pleading requirements, "it [was] impossible . . . to decipher under what basis Levesque is attempting to bring suit, how the named defendant was involved, how Levesque was harmed, or what relief is being sought," and instructed Levesque, if he chose to file an amended complaint, "to allege specific facts sufficient to plausibly state that the named defendant deprived him of constitutional or statutorily protected rights." (*Id.* at 4-5.)

This court adopted Judge Hummel's first R&R and instructed the Clerk to return the file to the court for further review upon the filing of an amended complaint. (Dkt. No. 4.) Thereafter, Levesque filed an amended complaint, which was returned to Judge Hummel for another initial review. Upon initial review of Levesque's amended complaint, Judge Hummel recommended that the amended complaint be dismissed, and, given its incurable deficiencies, that Levesque not be afforded a second opportunity to amend. (Dkt. No. 11 at 2-3.) Levesque then filed objections to the R&R, (Dkt. No. 12), which the court now considers.

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at \*3, \*5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at \*4-5.

### IV. Discussion

In his R&R, Judge Hummel recommended that Levesque's amended complaint be dismissed without leave to amend because Levesque again failed to meet the most basic pleading requirements, and, to the extent that the court could extrapolate a cognizable claim, it occurred in 2009, and was time-barred under the three-year statute of limitations governing claims brought pursuant to § 1983. (Dkt. No. 11 at 2-3 (citing *Murphy v.*

*Lynn*, 53 F.3d 547, 548 (2d Cir. 1995).)

Here, construing his objections liberally, Levesque objects to Judge Hummel's application of the three-year statute of limitations and requests that the court extend the statute of limitations governing his claims that arose in 2009. (Dkt. No. 12 at 2-3, 5-6.) Alternatively, Levesque seeks to amend his complaint a second time "to reflect only what transpired at [Clinton] . . . from March 2012 [to the] present," and to add defendants. (*Id.* at 1, 4-7.) These are specific objections, which the court reviews *de novo*. *See Almonte*, 2006 WL 149049, at *3, *5.

First, regarding Levesque's argument concerning the application of the statute of limitations, federal courts borrow the state law personal injury statute of limitations period for purposes of filing § 1983 actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In New York, unless the limitations period is tolled, a plaintiff must file his § 1983 civil rights action within three years of the accrual of each cause of action. *See Owens v. Okure*, 488 U.S. 235, 250-51 (1989); *see also* N.Y. C.P.L.R. § 214(5). Generally, a cause of action accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Covington v. City of N.Y.*, 171 F.3d 117, 121 (2d Cir. 1999) (internal quotation marks

and citation omitted).  However, "[i]n 'rare and exceptional' cases, the doctrine of equitable tolling or equitable estoppel may be invoked to defeat a defense that the action was not timely filed."  *Russo v. Duprey*, No. 9:12-CV-1815, 2014 WL 948851, at *1 (N.D.N.Y. Mar. 11, 2014) (citing *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007)).  Equitable tolling may apply where "'necessary to prevent unfairness to a plaintiff who is not at fault for h[is] lateness in filing,'" as long as a plaintiff's factual allegations are "plead with some degree of specificity."  *McFadden v. Wilhelm*, No. 03 Civ. 8341, 2007 WL 1225345, at *8 (S.D.N.Y. Apr. 24, 2007) (quoting *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004)).  Here, Levesque essentially asks the court to toll the statute of limitations, arguing that he has "been systematically denied fair access to the courts,"[4] and placed in isolation, which "has had [an immense] impact on [his] ability to prosecute any claims."  (Dkt. No. 12 at 1-2.)  However, aside from these conclusory and general allegations, Levesque has not explained how he

---

[4] Seemingly, Levesque also indicates, for the first time, that he has a First Amendment access to the courts claim, (Dkt. No. 12 at 2-3, 6)—although there are not even murmurings of such a claim in either his complaint or amended complaint.  However, "[i]t is well settled that a litigant may not raise new claims not contained in the complaint . . . in objections filed in response to a Magistrate Judge's report and recommendation."  *Bermudez v. Waugh*, No. 9:11-CV-0947, 2013 WL 654401, at *6 (N.D.N.Y. Feb. 21, 2013).  Accordingly, the court does not consider that potential claim here.

7

was prevented from filing suit, and the court therefore declines to toll the limitations period. *See McFadden*, 2007 WL 1225345, at *8 (holding that equitable tolling did not save the plaintiff's stale claims where he did not "give any specifics about[ his] claim that he was unable to file suits related to his alleged constitutional violations while in [the special housing unit]").

Second, Levesque requests leave to amend his complaint a second time to include only claims that arose after March 2012 and to add defendants. (Dkt. No. 12 at 4-5, 6.) While leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Further, although courts should generally grant *pro se* plaintiffs leave to amend "at least once," they should do so only "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted). Here, the court declines to grant Levesque leave to amend. As an initial matter, he has already been given one opportunity to amend, and was instructed to provide more factual detail, but failed to do so. (Dkt. Nos. 3, 4.) Moreover,

8

the court is not satisfied, after a liberal reading of Levesque's amended complaint, that a valid claim could possibly be stated. Further, although Levesque states that he wishes to add defendants, he neither identifies those defendants nor provides any facts related to their alleged wrongdoing. (Dkt. No. 12 at 1, 5.) Accordingly, the court declines to grant Levesque leave to file a second amended complaint, and the portion of the R&R recommending dismissal without leave to amend is adopted.

Finally, consistent with the standards set forth in *Almonte*, 2006 WL 149049, at *3-5, the court has carefully reviewed the remainder of the R&R for clear error, found none, and adopts it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Christian F. Hummel's August 4, 2014 Report-Recommendation and Order (Dkt. No. 11) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Levesque's amended complaint (Dkt. Nos. 8, 9) is **DISMISSED** without prejudice; and it is further

**ORDERED** that Levesque's motion to appoint counsel (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 28, 2015
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court